

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# Awala v. NJ Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Awala v. NJ Dept Corr" (2007). *2007 Decisions.* Paper 1720.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1720

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4899
_____

GBEKE MICHAEL AWALA, and the people of Salem County
Correctional Facility Prisoners; JAMES MOPHERSON, JR.;
HARRY GREGORY; DANIEL WRIGHT; DALE GOLDBERG;
ROBERT LAUTE; JAY CSEH; DUANE CARPENTER;
BRIAN DAVIS; THOMAS LOVETT; MICHAEL J. GALLAGHER

v.

STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS;
SALEM COUNTY CORRECTIONAL FACILITY; WARDEN;
HEFNER, Undersheriff, Salem County Jail

Gbeka Michael Awala,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-02362)
District Judge: Honorable Freda L. Wolfson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
December 29, 2006

Before:  RENDELL, SMITH and COWEN, <u>Circuit Judges</u>.

(Filed: January 31, 2007)

_____

OPINION OF THE COURT
_____

PER CURIAM

Gbeke Michael Awala appeals the dismissal of his complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). For the reasons stated herein, we will dismiss this appeal under 28 U.S.C. §§ 1915(e)(2)(B).

On May 4, 2005, Awala submitted the underlying complaint to the United States District Court for the District of New Jersey. He purported to file it as a class action on behalf of himself and eleven other inmates at the Salem County Correctional Facility ("SCCF"). His primary claim was that they were denied meaningful access to the courts due to the library staff's failure to assist inmates in the preparation and filing of legal papers and to provide adequate research facilities. He sought additional assistance in the law library, increased space for more inmates to use it at once, and increased time during which inmates could have access to the library. Awala also fleetingly referred to the following claims: (i) lack of access to medical treatment and poor medical care, (ii) unsanitary food preparation, and (iii) nutritionally inadequate food. However, he provided no additional information with respect to any of these three claims.

On June 10, 2005, Awala informed the Court that he had been transferred to the Federal Detention Center in Philadelphia. Two weeks later, he filed an amended complaint, supplementing his allegations regarding his lack of access to the courts. The District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a pro se prisoner without formal training in

2

the law who is no longer being detained in the same prison facility as the other proposed class members, Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action, and that he had failed to state a claim for relief so as to support those claims asserted by him on his own behalf.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1]  Because Awala has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we must first review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed under § 1915(e) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

None of Awala's claims, as stated, have arguable legal merit.  As to his claims of lack of access to the courts, Awala fails to allege any actual injury emanating from the lack of resources in the prison library.  See Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that an inmate alleging lack of access to the courts must demonstrate that the alleged shortcomings of the prison library hindered his ability to pursue an actual legal claim).  With respect to his claim of inadequate medical treatment, Awala has failed to allege any medical need at all, let alone a serious medical need to which Appellees were deliberately indifferent.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (holding that

---

[1]Although the parties were advised that this appeal might be dismissed for lack of jurisdiction, in light of the District Court grant of Appellant's motion for an extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5), we decline to dismiss the appeal on that ground.

3

relief is available under the Eighth Amendment for deliberate indifference to a serious medical need). And finally, regarding his claim that the prison food is nutritionally inadequate and served in an unsanitary manner, Awala has not alleged a deprivation serious enough to rise to the level of an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) (requiring plaintiff to allege facts sufficient to demonstrate both (i) an objectively serious deprivation of an identifiable human need and (ii) that a prison official acted with deliberate indifference in effecting the deprivation).

In light of the foregoing, we conclude that the District Court correctly dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) after affording him an opportunity to amend and clarify his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). We therefore conclude that this appeal is meritless. Accordingly, this appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).